

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2004

# Sinclair v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4846

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Sinclair v. Comm Social Security" (2004). *2004 Decisions.* Paper 462.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/462

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-4846

PAUL F. SINCLAIR, JR.,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On appeal from the United States District Court
for the District of New Jersey
District Judge: The Honorable William J. Martini
District Court No. 01-cv-03711
_____

Submitted Pursuant to Third Circuit LAR 34.1
June 16, 2004

Before: ALITO, SMITH and WALLACE, *Circuit Judges*[*]

(Filed: July 26, 2004)
_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

The Commissioner of Social Security denied Paul F. Sinclair's application for

benefits under Title II of the Social Security Act. The District Court, exercising

_____

[*] The Honorable J. Clifford Wallace, Senior United States Circuit Judge for the Ninth
Circuit, sitting by designation.

jurisdiction under 42 U.S.C. § 405(g), affirmed the Commissioner's decision. We have appellate jurisdiction over Sinclair's appeal pursuant to 28 U.S.C. § 1291.

Our review is the same as that of the District Court, "namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); 42 U.S.C. § 405(g). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

Sinclair, who was fifty-nine years old, claimed he was unable to perform any substantial gainful activity because he suffered from hepatitis B and C. The ALJ disagreed and denied his claim for benefits, finding that he was able to perform his past relevant work as a real estate broker.

Sinclair appealed, raising three issues. First, Sinclair asserted that the ALJ erred because he failed to comply with the mandate of *Burnett v. Comm'r*, 220 F.3d 112, 119-20 (3d Cir. 2000), to provide a reasoned explanation why Sinclair's condition did not satisfy the criteria of any of the impairments listed in Appendix 1 of the Social Security regulations. *See* 20 C.F.R. Part 404, Subpt. P, Appendix 1. Second, Sinclair argued that the ALJ erred because he failed to evaluate whether there were any limitations resulting from Sinclair's pain. Sinclair's third contention was that the ALJ failed to substantiate his conclusion that Sinclair could perform medium level work. None of Sinclair's

2

arguments have merit.

Sinclair's reliance on *Burnett* is misplaced because meaningful judicial review did not require an exhaustive explanation as to whether Sinclair's condition satisfied any of the impairments listed in Appendix 1. *Burnett*, 220 F.3d at 119-20. As the District Judge noted, there was only one listing for hepatitis and the record was devoid of any evidence that Sinclair exhibited the criteria required for that listing.

For Sinclair to take issue with the ALJ for allegedly failing to consider his pain is, at the very least, cheeky. Sinclair himself testified before the ALJ that the pain he alleged in his application had been present initially for only several days and that he no longer experienced pain. Thus, the fact that the ALJ did not discuss this symptom at greater length was a direct result of Sinclair's own testimony. In any event, the ALJ's reasons for rejecting Sinclair's allegations of pain were sufficient and supported by substantial evidence.

Finally, there is substantial evidence for the ALJ's finding that Sinclair was able to perform his past relevant work as a real estate broker which was sedentary in nature. *See* 20 C.F.R. § 404.1520(e). Sinclair did not challenge that finding here. Indeed, Sinclair's own description of his duties as a real estate broker confirmed that the position was sedentary, requiring sitting for eight hours a day. Thus, there is substantial evidence to support the ALJ's finding that Sinclair was able to perform the sedentary duties of his past relevant work as a real estate broker and was not disabled.

In sum, we conclude that there is substantial evidence to support the ALJ's determination that Sinclair was not disabled.  We will affirm the judgment of the District Court.